IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | |
|---|---|
| James Francis Trombley, Jr. | * |
| Plaintiff, | * |
| vs. | * |
| City of Eufaula | * |
| Defendant. | * |

2:07-CV-547-MEF

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant, City of Eufaula, Alabama, by and through counsel, and files this Notice of Removal of this case to the United States District Court for the Middle District of Alabama, Northern Division. Pursuant to 28 U.S.C. §1441, this Defendant seeks to remove this case filed by Plaintiff, against the City of Eufaula, being civil action number CV-07-45, currently pending in the Circuit Court of Barbour County, in Eufaula, Alabama. The lawsuit was filed on June 5, 2007. In support of its Notice of Removal, Defendant, City of Eufaula, states the following:

1. Plaintiff, James Francis Trombley, Jr., filed this lawsuit in the Circuit Court of Barbour County, Alabama, on June 5, 2007. This lawsuit arises out of his former employment with the City of Eufaula. Plaintiff's complaint is titled Notice of Claim. However, this document was filed in the Circuit Court of Barbour County, Alabama, and accepted as a complaint, being civil action number 2007-45. Plaintiff alleges discrimination in employment, violation of civil rights, retaliation, violation of Alabama's open meeting law, and wrongful termination. Plaintiff also apparently alleges some type of disability claim based on his "mental health disabilities."

2. James Francis Trombley, Jr., is a citizen of the state of Alabama and resides at 310 Cherry Street, Eufaula, Alabama.

3. The City of Eufaula is a citizen of the state of Alabama that is properly incorporated under the laws of the state of Alabama.

4. Plaintiff's complaint alleges civil rights violations. Accordingly, this claim is proper for removal pursuant to 28 U.S.C. §1443.

5. There are no other named and identified defendants to this action other than City of Eufaula, Alabama, thus approval by co-defendant is not necessary.

6. This case was filed on June 5, 2007, and filing its Notice of Removal is timely pursuant to 28 U.S.C. §1441.

7. Pursuant to 28 U.S.C. §1446, Defendant has attached a copy of all process, pleadings, and orders served upon City of Eufaula. These documents are hereto attached as Exhibit A.

8. The Notice of Removal filed in the Circuit Court of Barbour County, Alabama, is hereto attached as Exhibit B.

9. Defendant has not filed an answer in the Circuit Court of Barbour County, Alabama, and has simultaneously with the filing of its Notice of Removal filed an answer to Plaintiff's allegations and a demand for jury in the District Court for the Middle District of Alabama, Northern Division.

Wherefore, Defendant seeks that the removal of this cause to the United District Court for the Middle District of Alabama, Northern Division, be effective and no further or other proceeding may be had with respect to this matter in the Circuit Court of Barbour County, Alabama, pending a final decision and determination of controversy in this Honorable Court.

```
_____
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (RAH045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendant
```

OF COUNSEL:

NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

James F. Trombley
310 Cherry Street
Eufaula, Alabama 36027

by placing same in the United States Mail, postage prepaid, on this the 19th day of June, 2007.

_____
OF COUNSEL

```
VSO300                    ALABAMA JUDICIAL DATA CENTER          Rec:
                               BARBOUR    COUNTY                6-13-07
                                                                1:25
                                   SUMMONS
                                                         CV 2007 000045.00
                                                         HON. BURT SMITHART
------------------------------------------------------------------------
             IN THE  CIRCUIT   COURT OF    BARBOUR        COUNTY

JAMES FRANCIS TROMBLEY, JR VS CITY OF EUFAULA

     SERVE ON: (D001)

                                              PLAINTIFF`S ATTORNEY

     CITY OF EUFAULA                          *** PRO SE ***
     C/O JOY WHITE
     205 E BARBOUR STREET
     EUFAULA       ,AL  36027-0000
------------------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.
------------------------------------------------------------------------

  (✓)    TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
         4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
         YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
         COMPLAINT IN THIS ACTION UPON DEFENDANT.

  ( )    THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
         WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
         OF THE ALABAMA RULES OF CIVIL PROCEDURE.

  DATE: 06/13/2007               CLERK:DAVID S. NIX              BY: ___
                                       303 E BROAD ST, ROOM 201
                                       EUFAULA   AL   36027
                                       (334)687-1515

------------------------------------------------------------------------

     RETURN ON SERVICE:

  ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
        (RETURN RECEIPT HERETO ATTACHED)

  ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

        COMPLAINT TO _____

        IN _____ COUNTY, ALABAMA ON (DATE) _____

  _____        _____
  DATE                                    SERVER SIGNATURE


  _____        _____
  SERVER ADDRESS                          TYPE OF PROCESS SERVER

------------------------------------------------------------------------
OPERATOR: DEH
PREPARED: 06/13/2007
```



EXHIBIT A

Joy White

James F. Trombley, Jr., M.C.P.
Master Code Professional
310 Cherry Street
Eufaula, AL 36027-1508
334-688-9897 Home
334-695-0254 Mobile
E-Mail: sharkey681@earthlink.net

CW-07-45

City of Eufaula
Attn: Jim Martin, City Council President
205 E. Barbour Street
Eufaula, AL 36027
334-688-2000



FILED
JUN 05 2007
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

June 5, 2007

Dear Mr. Martin,

Attached is my "Notice of Claim" against the City of Eufaula. I have been waiting for a transcript of the determination hearing and have not received one to date.

You are hereby given the attached "Notice of Claim" for my claim for damages against the City of Eufaula.

Copies of this claim have been forwarded to Barbour County Circuit Court and the US District Court, Middle Alabama District, Northern Division for recording.

I may be reached at the above should you wish to negotiate a settlement to this claim.

Sincerely,

James F. Trombley, Jr., M.C.P.
Master Code Professional

Cc: David Nix                          Ms. Debra P. Hackett
    Clerk of Court                     Clerk of Court
    Barbour County Circuit Court       U.S. District Court
    303 E. Broad Street                P.O. Box 711
    Eufaula, AL 36027                  Montgomery, AL 36101-0711

CIRCUIT COURT
BARBOUR COUNTY, ALABAMA

James Francis Trombley, Jr.          )
                                     )
      Plaintiff                )
                                     )
vs.                                  )
                                     )
City of Eufaula                      )
                                     )
      Defendant                )



CU-07-45

**NOTICE OF CLAIM**

Plaintiff brings a claim against defendant City of Eufaula ~~and it's Officials personally as named below~~, for employment discrimination, violation of civil rights, retaliation, violation of Alabama Open Meetings Law and wrongful termination as set forth below.

**I. PARTIES**

| | |
|---|---|
| Plaintiff's Name: | James Francis Trombley, Jr. |
| Plaintiff's Address: | 310 Cherry Street<br>Eufaula, AL 36027 |
| Plaintiff's Phone: | (334)-688-9897 or (334)-695-0254 |
| Defendant's Name: | City of Eufaula, AL |
| Defendant's Address: | 205 E. Barbour Street<br>Eufaula, AL 36027 |
| Defendant's Phone: | 334-688-2000 |

1

## II. STATEMENT OF CLAIM

Plaintiff is entitled to relief in this claim because Defendant's actions have caused Plaintiff mental anguish and grief as well as irreparable injury and emotional stress, depression, nightmares, anxiety and reduced sense of well-being, psychological and physiological pain and suffering.

That Plaintiff has applied for and interviewed for several jobs and has been unable to get work because of discharge from employment by Defendant, in which, Defendant did not give Plaintiff right to due process for such discharge and discharged Plaintiff for his mental and physical disabilities, as well as not giving Plaintiff a justifiable reason for such discharge. Such discharge has prevented plaintiff from the right and ability to successfully complete an interview and obtain employment and earn future wages.

The Personnel Rules and Regulations of the City of Eufaula are vague, ambiguous and unconstitutional. Defendant did intentionally violate Plaintiffs right to due process did discriminate against Plaintiff as an employee of the City of Eufaula.

Plaintiff's mental health information has been intentionally released by the Defendant to the press and general public and such information is now in the public domain and cannot be accounted for and that Defendant did willfully and wantonly violate Plaintiffs civil rights for due process, equal employment opportunity and civil liberties. Furthermore, Defendant did violate the Alabama Open Meetings Law by releasing and discussing plaintiff's mental health in an open public hearing.

Plaintiff further makes claim for relief because the Defendant did willfully turn the entire hearing process into a personal attack against Plaintiff and did willfully release Plaintiffs mental health information with wanton pleasure and did discuss Plaintiff's disabilities in a disrespectful and belligerent way to intentionally cause injury to Plaintiff.

Plaintiff further makes claim that the Defendant did discriminate against plaintiff and did violate his rights to due process and civil rights because plaintiff is a veteran with service connected disabilities. Defendant did discharge Plaintiff because of his demeanor and personality as a veteran.

Plaintiff is further entitled to relief in this claim because of negligence and willful disregard of duty by the Defendant's agents, official's and employees, including the Mayor, City Attorney, City Clerk, Police Department and Personnel Manager by not providing the City of Eufaula City Council proper guidance and recommendations, which included finding other options for actions involving the Plaintiff, including mandatory medical leave and appeal of wrongful termination.

Plaintiff did file a charge of discrimination with the Equal Employment Opportunity Commission. A copy of the charge is attached to this claim.

Plaintiffs Right to Sue Notice from the Equal Employment Opportunity Commission was received on or about May 17, 2007. A copy of the Notice of Right to sue letter is attached to this claim.

## FACT IN SUPPORT OF CLAIM

The facts on which this claim is based are the following;

a. On December 13, 2006, the Defendant held a determination hearing for the dismissal of Plaintiff, which meeting was held open to the public with knowledge that the city would discuss Plaintiff's mental health disabilities. Defendant refused to go into executive session for hearing when requested by Plaintiff's attorney, Sonny Harrison. When the door to the hearing room was being shut the Defendant did specifically state that this meeting was open to anyone that wanted to attend.

b. During above-mentioned hearing the Defendant did release to the press and general public a written transcript of a confidential interview conducted by Defendants investigator on November 29, 2006 with Plaintiff in which Plaintiff discussed his mental health disability with the investigator. Investigators report is titled as Interdepartmental Report. Defendant did willfully release plaintiff's mental health information to the press and general public in attendance. Defendant did state specifically that hearing was open and anyone that wanted to attend could.

c. During above-mentioned hearing the Defendant did play for the press and general public in attendance an audio recording of a confidential interview conducted by Defendants investigator on November 29, 2006 with Plaintiff, in which the Plaintiff discussed his mental health disability with the investigator.

d. During the above-mentioned hearing the Defendant allowed the press and general public to record the above-mentioned hearing in which the Defendant did discuss Plaintiff's mental health and the Defendant played an audio recording in which Plaintiff discussed his mental health disabilities with Defendant's investigator. Plaintiff did ask everyone in hearing if anyone else wanted to record the hearing.

e. During the above-mentioned hearing the Defendant did discuss Plaintiff's mental health and defendant did make inappropriate remarks and comments about mental health of Plaintiff. Defendant had not consulted with mental health professional before making such comments about Plaintiff's mental

3

health. Defendant's remarks demonstrated that the Defendant believed the Plaintiff could not do his job because of Plaintiff's disabilities.

f. During the above-mentioned hearing the Defendant did make false statements under oath about meeting with Plaintiff on November 27, 2006 in which the Defendant told Plaintiff that an hourly employee was Plaintiff's equal.

g. During the above-mentioned hearing the Defendant did discharge Plaintiff from his position for his mental health disabilities and did not consider the civil rights of Plaintiff or Plaintiffs right to due process and civil liberties.

h. During the above-mentioned hearing the Defendant did violate Plaintiff's civil rights by not allowing plaintiff due process by;

   a. not having proper written complaint or any specific charges when placing plaintiff on administrative leave with pay and starting investigation as required by Defendants Personnel Rules and Regulations Manual of the City of Eufaula, Article VIII, Section V and Section VIII;
   b. not providing proper written notice to Plaintiff with specific charges as required in Defendant Personnel Rules and Regulations Manual for the City of Eufaula, Article VIII, Section V;
   c. not going into closed session for determination hearing to discuss Plaintiff's mental health, as required by Alabama Open Meetings Law, Code of Alabama §36-25A-7;
   d. not considering any options other than dismissal, namely Forced Medical Leave pursuant to Article IV, Section XIII of Personnel Rules and Regulations Manual of the City of Eufaula;
   e. not keeping investigators report confidential as required by Article IV, Section 9 of Personnel Rules and Regulations Manual for the City of Eufaula and;
   f. not providing specific charges or reason for discharge of Plaintiff and wrongfully discharging Plaintiff.

i. Defendant did not give reason or show cause for discharge of Plaintiff as required by Code of Alabama §11-43-160.

j. Defendant did not follow similar procedures for dismissal of Plaintiff as have been used for other employees in the past. Namely, Rosie Jordan, a former custodian was dismissed from employment with the Defendant for several reasons. Plaintiff was supervisor of custodian. Ms. Jordan was notified in a determination hearing letter of very specific charges, including date, time, place witnesses and charges. Plaintiff feels he should have had the right to an appeals hearing since Mr. Jordan was giving an opportunity for an appeals hearing, even though the rules did not require one. Plaintiff feels he was not afforded the same due process as other employees of the Defendant.

Following are facts of how the dismissal of the custodian was handled and how she was afforded due process:
  a. Plaintiff had a meeting with the City Administrator concerning the dismissal of the custodian on September 22, 2003. Plaintiff was directed to follow procedures for dismissal very carefully because this will end up in a lawsuit. Plaintiff was also directed to give custodian one last warning and document such meeting and have everything checked by the Personnel/Risk Manager.
  b. Plaintiff submitted all documentation related to the dismissal of custodian to the Defendant's, Personnel/Risk Manager for review and approval. This documentation included the determination-hearing letter, determination hearing dismissal and appeal letter.
  c. Custodian appealed determination hearing, which was held on January 14, 2004 for the result of termination. Custodian did not appear for hearing. Custodian was granted appeal hearing before personnel advisory board even though she was not allowed one by the rules because she did not attend determination hearing.
  d. On February 3, 2004 during the appeal hearing the Personnel advisory board upheld decision of termination of custodian by Plaintiff. Personnel Advisory board commended Plaintiff on his thoroughness and following of established procedures in the Personnel Rules and Regulations Manual.
  e. On February 6, 2004 I was informed by the personnel manager that the Mayor was going to ratify the termination of Custodian, Rosie Jordan based on the recommendation of Personnel advisory board.

Plaintiff therefore states that, the Defendant did intentionally, willfully and wantonly, not follow established procedures for dismissal of Plaintiff and did not give Plaintiff due process as was provided for the above mentioned custodian and other employees of Defendant.

k. Personnel Rules and Regulations of the City of Eufaula, Article VIII includes disciplinary action for all employees. The Defendant used portions of Article VIII in the determination hearing letter dated November 30, 2006, but did not follow the rules as written. Article VIII, Section II(a) specifically states "The tenure of EVERY EMPLOYEE shall be conditioned......"

Defendant also stated to Plaintiff and Plaintiffs attorney, that the rules do not apply to Department Heads (Unclassified Employees) so Defendant stated they did not have to follow the rules. Therefore, the Defendant discriminated against Plaintiff based on the fact Plaintiff was an unclassified employee and was not afforded the same rights to dismissal practices and due process as was provided for a classified employee. Therefore, the Personnel Rules and Regulations for the City of Eufaula, Article VIII are unconstitutional, vague and ambiguous.

l.  Plaintiff was not given right to an appeal pursuant to Personnel Rules and Regulations of the City of Eufaula, Article VIII, §V(b), Appeal to Personnel Advisory Panel

m.  City of Eufaula Ordinance of 2005, adopting the 2003 International Building Code, Appendix A, §A101.4 Termination of Employment. Defendant did not give plaintiff proper hearing prior to discharge or demonstrate cause for such dismissal.

n.  At start of employment Plaintiff did inform Defendant that Plaintiff had a back disability and asked for accommodation to use Plaintiffs own vehicle for work purposes because of pain. Defendant granted Plaintiffs request.

o.  Prior to being offered a position of employment with the Defendant, Plaintiff did withdraw his application. The Plaintiff was later called by the Defendant and asked to reconsider his withdraw and accept the position as Building Official with the Defendant and that the City would allow Plaintiff to use his own vehicle for work. Plaintiff would not be in this position if Defendant had pressured him to accept the job.

p.  Plaintiffs back pain disability progressed over the years of employment with the Defendant. Plaintiff did keep Defendant informed of Plaintiff's difficulty with pain and his mental health, including marital problems, stress, anxiety and depression related to mental health and severe back pain. Plaintiff informed Defendant in late 2004 and continuously from then to present. When Plaintiff would inform Defendant of health problems and asked for help the Defendant would state, if you can't handle the job you should quit or find something else.

q.  Plaintiff did provide Defendant with memorandum asking for support and understanding prior to taking sick time for back surgery on October 3, 2006. Plaintiff did include in the memorandum information about Plaintiffs disabilities and difficulties with pain, stress, anxiety and severe depression.

r.  The week of November 18, 2006 when Plaintiff returned to work after back surgery, Plaintiff did ask Bill Klein, his employee, if Bill Klein meant it when he said he was going to quit his job if Plaintiff did, because he did not want the headache. Bill Klein said he would keep his job. Plaintiff believes this proves Defendants actions where premeditated in the termination of Plaintiff by misleading Plaintiff and trying to get Plaintiff to quite his job.

s.  Other employees of Defendant have mental health disabilities and have caused incidents that created complaints from citizens and others. Such incidents by others include outburst, irritability and others. These other employees were given second chances and not dismissed. Plaintiff believes this proves that Defendant actions were premeditated in the termination of Plaintiff and that

6

Defendant acted in retaliation to Plaintiff's general demeanor and personality, because Plaintiff has a service connected disability and is a US Navy veteran. Plaintiff's performance evaluations contain comments from the Defendant including comments about Plaintiff's demeanor. Plaintiff further states that he believes it is the policy of the Defendant and it's official's to discriminate against military service veterans because of the way veterans conduct business, ethically and authoritatively and the way veterans carry themselves. Defendant had several other options to consider other than termination, such as doctor's evaluation and mandatory medical leave, but Defendant considered termination only because of Plaintiffs service connected disability and prior military service. Furthermore, Plaintiff was employed by the Defendant in a position of authority and enforcement and Plaintiff had to deal with difficult people on a daily basis. Defendant wanted Plaintiff to perform his work in a discretionary way and Plaintiff refused, therefore Defendant made it impossible for Plaintiff to perform his job.

t. When Plaintiff informed Defendant of work stress and need for additional help, the Defendant did on several occasions tell Plaintiff to find other work or quit his job if he can't handle it. Even during interview with investigator, the investigator stated Plaintiff should find different work. Defendant again was not willing to consider other options for action against Plaintiff other than termination.

u. Plaintiff did include in 2007 budget, a request for an additional employee to help with code enforcement. Plaintiff did inform Defendant that the workload, mostly code enforcement was very stressful for him and Plaintiff needed the additional help to meet the growing workload.

v. Plaintiff is a disabled veteran and is therefore, considered disabled by the Department of Veterans Affairs and therefore, meets the requirement of being disabled as defined by anti-discrimination laws for both mental and physical disabilities and "The American's with Disabilities Act of 1990".

w. Plaintiff is a Certified Building official and Master Code Professional through the International Code Council and is highly qualified as a building inspector, building official, plans examiner and zoning official for the position as Building Official with Defendant. Plaintiff exceeds minimum requirements for employment as Building Official with Defendant and is therefore a highly trained and qualified employee with disabilities.

### III. AMOUNT OF CLAIM

Based on the foregoing, plaintiff seeks relief in the amount of $2,500,000.00 for lost wages (past, present and future, including retirement, pensions and other benefits the Plaintiff would have earned) mental anguish, pain and suffering, and health related issues, including stress, physical pain, psychological pain, anxiety and depression. Plaintiff wishes to seek relief in this claim, which will make him whole.

### IV. AFFIRMATION OF PLAINTIFF

I, James F. Trombley, Jr., the Plaintiff in the aforementioned claim, do affirm that I have read all of the statements contained in the claim. I believe them to be, to the best of my personal knowledge, true and correct.

_____
(Signature of Plaintiff)

6/5/2007
_____
(Date)

8

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 420-2007-01975 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. James F. Trombley, Jr. | (334) 688-9897 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 310 Cherry Street, Eufaula, AL 36027 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF EUFAULA | 15 + | (334) 688-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 205 East Barbour Street, Eufaula, AL 36027 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-13-2006   Latest: 12-13-2006

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified person with a disability. I was employed with the above-named employer on March 3, 2003, and my position was that of the Chief Building Official. I was discharged on December 13, 2006. The reason given by the employer was insubordination and conduct unbecoming an employee in public service to include making inappropriate comments.

The employer failed to follow the rules and regulations of the Personnel Board in discharging me.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act.

MAR 16 2007

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 3/15/2007  [signature] James Trombley <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br> Heather M Gilbert, Notary Public <br> Alabama State at Large <br> My Commission Expires March 28, 2009 |

EEOC Form 161 (3/98)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | James F. Trombley, Jr.<br>310 Cherry Street<br>Eufaula, AL 36027 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2007-01975 | Ruby R. Morris,<br>Investigator Support Asst | (205) 212-2102 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*   5-16-07

Enclosures(s)   Delner Franklin-Thomas,   (Date Mailed)
District Director

cc: James Martin
President City Council
CITY OF EUFAULA
205 E. Barbour Street
Eufaula, AL 36027

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA

| | | |
|---|---|---|
| James Francis Trombley, Jr. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV-07-45 |
| | * | |
| City of Eufaula | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Barbour County Circuit Court
Attn: David S. Nix
Courthouse
303 East Broad Street
Eufaula, Alabama 36027

James F. Trombley
310 Cherry Street
Eufaula, Alabama 36027

Pursuant to 28 U.S.C. § 1446, Defendants hereby give notice of the filing of their Notice of Removal in the above styled cause from the Circuit Court of Barbour County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. A true and correct copy of the notice of removal is attached hereto as Exhibit "A".

Done this 18th day of June, 2007.

s/ Rick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (RAH045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendant

EXHIBIT B

OF COUNSEL:

NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

James F. Trombley
310 Cherry Street
Eufaula, Alabama 36027

by placing same in the United States Mail, postage prepaid, on this the 18th day of June, 2007.

s/ Rick A. Howard
OF COUNSEL